**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12779

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEROME WALTER KIGGUNDU,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00089-JRH-BKE-1

————————————

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Jerome Kiggundu, proceeding pro se, appeals from the district court's denial of his pro se motion to dismiss the indictment and vacate his conviction for bank fraud, bankruptcy fraud, and

making a false statement under oath, which he filed with the district court during resentencing upon remand following his first appeal of his conviction.

On appeal, he argues that his conviction for bank fraud under 18 U.S.C. § 1344 cannot be sustained because the government failed to establish that Red Oak Capital Fund ("Red Oak"), a mortgage lender, fell within the statutory definition of "financial institution" under 18 U.S.C. § 20, and argues that the government "constructively amended" his indictment by introducing at trial evidence of other acts he had committed. For the reasons discussed below, the law-of-the-case doctrine bars Kiggundu's appeal because he did not raise the issues related to the indictment and the introduction of other act evidence during the merits briefing stage of his first appeal, and he has thus waived the right to challenge these issues now on his second appeal.

The law-of-the-case doctrine precludes us from "revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *United States v. Stein*, 964 F.3d 1313, 1322 (11th Cir. 2020). There are three exceptions to the law-of-the-case doctrine: (1) the evidence in a subsequent trial was "substantially different"; (2) there is a change in controlling law; or (3) the prior decision was "clearly erroneous and would work a manifest injustice." *Id.* at 1323. With respect to lower court rulings that have not been challenged on a first appeal, we have explained that "[a] legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the

25-12779              Opinion of the Court                 3

case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Id.* at 1324 (citation omitted).

Here, the law-of-the-case doctrine bars Kiggundu's current arguments in this second appeal because he did not raise the issues related to the indictment and the introduction of the other act evidence during the merits briefing stage of his first appeal, and, therefore, he has waived the right to challenge these issues now on his second appeal. *See id.* at 1322, 1324. During his first appeal, Kiggundu had the opportunity to raise these issues in his merits briefing after this Court denied his counsel's *Anders* motion to withdraw and directed counsel to address a specific sentencing issue and "any other issues that counsel deems appropriate for inclusion." (CM/ECF for 11th Cir., Case No. 22-12011, doc. 55 at 1). His counseled merits brief in his first appeal failed to raise the issues that Kiggundu now presents, and only addressed one issue related to sentencing. Because he did not challenge the district court rulings related to the determination regarding Red Oak being a "financial institution" under § 20 and the introduction of the Security Federal Bank evidence during the merits stage of his first appeal, he has waived the right to challenge these decisions in this appeal following remand for resentencing. *See Stein*, 964 F.3d at 1324.

Additionally, no exceptions to the law-of-the-case doctrine apply. *See id.* at 1323. There was not a second trial, he raises no change in controlling law, and this Court's prior decision in his first

appeal was not clearly erroneous because he was given the opportunity to raise these issues in his merits brief. *See Kiggundu*, No. 22-12011, manuscript op. at 8; (*See generally* Blue Brief); (CM/ECF for 11th Cir., Case No. 22-12011, doc. 55 at 1).

For the reasons discussed, the law-of-the-case doctrine bars Kiggundu's appeal because he did not raise the issues related to the indictment and the introduction of other act evidence during the merits briefing stage of his first appeal. Kiggundu has thus waived the right to challenge these issues now on his second appeal, and we affirm the district court's order.

**AFFIRMED.**